# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ROGER SMITH,

                Petitioner,      :      Case No. 1:10-cv-837

     - vs -                            District Judge William O. Bertelsman
                                            Magistrate Judge Michael R. Merz

TIMOTHY BRUNSMAN, Warden,
  Lebanon Correctional Institution

                                :

                Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Motion to Vacate Judgment under Fed. R. Civ. P. 60(b)(6) (ECF No. 35), filed *pro se* by Petitioner Roger Smith. As a post-judgment matter, the Motion is deemed referred to a Magistrate Judge under 28 U.S.C. § 636(b)(3) for report and recommended disposition.

**History of the Case**

Smith was convicted in the Hamilton County Court of Common Pleas on one count of purposeful murder and one count of felony murder. After exhausting his state court remedies, he filed his Petition for Writ of Habeas Corpus in this Court November 29, 2010. On November 10, 2011, the undersigned recommended that the Petition be dismissed with prejudice (Report, ECF No. 26). Petitioner's counsel filed Objections on his behalf (ECF No. 28), but those Objections were overruled by District Judge Bertelsman who dismissed the Petition with prejudice, denied a

certificate of appealability, and recommended that any appeal not be permitted to proceed *in forma pauperis* (ECF No. 29).

Petitioner, again with the assistance of counsel, appealed to the Sixth Circuit (Notice of Appeal, ECF No. 31). The Sixth Circuit, considering the question de novo, also denied Smith a certificate of appealability. *Smith v. Warden*, Case No. 12-3319 (6th Cir. Jan. 7, 2013)(unreported; copy at ECF No. 32). The Supreme Court of the United States denied review by certiorari December 16, 2013 (ECF No. 34). The instant Motion followed four and one-half years later.

# Analysis

Fed. R. Civ. P. 60(b) provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Petitioner makes clear that his Motion is brought under Rule 60(b)(6) "due to ineffective assistance of appellate counsel not being available in any other action known to the Petitioner." (Motion, ECF No. 35, PageID 1611). The Motion should be denied for the following reasons.

**No Constitutional Right**

First of all, Smith claims he was not "given the Constitutionally required effective assistance of counsel." (ECF No. 35, PageID 1612). There is no such constitutional requirement. The right to appointed counsel extends to the first appeal of right in the state court and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974). Where there is no constitutional right to counsel there can be no deprivation of effective counsel. *Wainwright v. Torna*, 455 U.S. 586 (1982); *Riggins v. Turner*, 1997 U.S. App. LEXIS 6115, *5 (6th Cir. 1997); *Barkley v. Konteh*, 240 F. Supp. 2d 708, 714 (N.D. Ohio 2002). There is no constitutional right to appointed counsel in habeas cases and hence no constitutional right to effective assistance in these cases. *McCleskey v. Zant*, 499 U.S. 467(1991).

**Motion Untimely Filed**

Second, Smith's Motion is extremely untimely. Judgment was entered in this case February 14, 2012, more than six years ago (ECF No. 30). Subsection (b)(6) is properly invoked only in "unusual and extreme situations where principles of equity mandate relief." *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 597 (6th Cir. 2006) (internal quotation marks omitted). Motions seeking extraordinary relief under this subsection must be brought within a reasonable time after judgment.

Fed. R. Civ. P. 60(c)(1); *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009). Six years is not a reasonable time, especially given that Smith's basis for his claim is a decision of the Supreme Court of Ohio publicly reprimanding his retained counsel in this case that was handed down May 27, 2015, more than three years ago. *Columbus Bar Association v. Smith,* 2015-Ohio-2000, 143 Ohio St.3d 436 (2015). Smith claims he only learned of this decision February 7, 2018, but he offers no explanation of what steps he took to keep apprised of the case which resulted from his own complaint of misconduct.

**No Showing of Merit**

Even assuming an attorney's conduct in a habeas case were evaluated under the standard of *Strickland v. Washington,* 466 U.S. 668 (1984), Smith has made no showing in this Court[1] of anything that his attorney did or did not do in this case that prejudiced him. After the undersigned filed his Report on the merits, counsel promptly filed Objections (ECF No. 28). After judgment was entered, counsel preserved Smith's right to be heard by the Sixth Circuit by filing a timely Notice of Appeal and ensuring that the appellate filing fee was filed (ECF No. 31). After the case was on appeal, counsel sought a certificate of appealability, albeit unsuccessfully. Petitioner has not identified any action which counsel could have taken in this Court which would have made a difference in the outcome. Indeed, the Ohio Supreme Court expressly found that none of Smith's attorney's conduct harmed Smith. *Smith*, 143 Ohio St. 3d at 438.

---

[1] Obviously this Court has no authority to decide whether the Sixth Circuit decision in the case should be vacated.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Motion to Vacate be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 17, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).